No. 12-56784

IN THE

# United States Court of Appeals

FOR THE

# Ninth Circuit

_____

DOUGLAS J. CAMPION,

on behalf of himself and all others similarly situated,

Plaintiff-Appellant,

vs.

OLD REPUBLIC HOME PROTECTION COMPANY, INC.,

a California corporation,

Defendant-Appellee.

_____

On Appeal from the United States District Court
for the Southern District of California
The Honorable Jan M. Adler, United States Magistrate Judge
District Court Case No. 09-cv-0748-JMA-NLS

_____

## APPELLANT'S REPLY BRIEF
_____

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Albert Y. Chang
Yury A. Kolesnikov
7817 Ivanhoe Avenue, Suite 102
La Jolla, California  92037
Telephone:   (858) 914-2001
Facsimile:    (858) 914-2002

*Attorneys for Plaintiff-Appellant*
*Douglas J. Campion*

# Table of Contents

INTRODUCTION ........................................................................1

ARGUMENT ............................................................................. 2

I.    This Court Should Reverse the District Court for Failing to Liberally Interpret the CLRA, Impermissibly Creating an "Insurance Exemption," and Misapplying *Fairbanks*............... 2

    A.    The District Court Failed to Construe § 1761(b) Liberally to Protect Consumers ......................................... 2

    B.    *Fairbanks* Bars Only CLRA Claims Involving Pure Insurance and Grants No Insurance Exemption .............. 5

    C.    In Any Event, Old Republic's Plans Are Not Insurance and Cannot Be Exempted ................................. 6

II.    This Court Should Reverse Because Campion Has Standing to Seek Injunctive Relief Under the UCL ...................10

    A.    Injunctive Relief Is the *Primary* Form of Relief Under the UCL and Is Available to Campion Regardless of Whether He Has a Current Contract with Old Republic ............................................................10

    B.    Old Republic Lacks Legal Support for Avoiding Injunctive Relief Based on Standing Grounds .................15

III.    This Court Should Reverse the Denial of Class Certification Because Monetary Relief Is Incidental to Injunctive Relief, and Campion Has Standing to Seek Injunctive Relief ........................................................................17

    A.    Old Republic Is Wrong to Propose a Restrictive Standard of Review ...........................................................17

    B.    The District Court Abused Its Discretion .........................19

IV.    This Court Should Reverse the Denial of Leave to Amend Because Campion Has Satisfied the Liberal Requirements Under Both Rules 15 and 16 ..................................................... 26

i

A.    Campion Has Good Cause Because He Diligently
       Pursued the Proposed Amendments ............................... 26

B.    Old Republic Would Suffer No Prejudice ........................ 29

C.    The Proposed Amendments Are Not Futile ..................... 31

CONCLUSION ............................................................................. 33

# Table of Authorities

## Cases

*ABC Int'l Traders, Inc. v. Matsushita Elec. Corp.*,
  14 Cal. 4th 1247 (1997) ......................................................................... 24

*ACLU of Nev. v. Lomax*,
  471 F.3d 1010 (9th Cir. 2006) .............................................................. 10

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers*,
  781 F.2d 1393 (9th Cir. 1986) .............................................................. 28

*Allergan, Inc. v. Athena Cosmetics, Inc.*,
  640 F.3d 1377 (Fed. Cir. 2011)....................................................... 14, 16

*Allison v. Citgo Petroleum Corp.*,
  151 F.3d 402 (5th Cir. 1998). ....................................................... 23, 24

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) ................................................................16

*Associated Beverage Co. v. Bd. of Equalization*,
  224 Cal. App. 3d 192 (1990) .................................................................. 5

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) ................................................................15

*Blyden v. Mancusi*,
  186 F.3d 252 (2d Cir. 1999) ................................................................. 18

*Brown v. Fair Political Practices Comm'n*,
  84 Cal. App. 4th 137 (2000) .................................................................. 6

*Bonin v. Calderon*,
  59 F.3d 815 (9th Cir. 1995) ................................................................. 29

*Cal. Physicians' Serv. v. Garrison*,
  28 Cal. 2d 790 (1946).............................................................................. 7

*Cattie v. Wal-Mart Stores, Inc.*,
  504 F. Supp. 2d 939 (S.D. Cal. 2007) ..................................................15

*Century 21 Real Estate Corp. v. Sandlin*,
    846 F.2d 1175 (9th Cir. 1988) ..............................................................19

*City of Grass Valley v. Newmont Mining Corp.*,
    No. 04-cv-0149-GEB-DAD,
    2007 WL 1395312 (E.D. Cal. May 10, 2007) ..................................... 26

*Clark v. City of Lakewood*,
    259 F.3d 996 (9th Cir. 2001) ..............................................................15

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) ............................................................ 18

*Clayworth v. Pfizer, Inc.*,
    49 Cal. 4th 758 (2010) ........................................................... 10, 12, 19

*Colgan v. Leatherman Tool Grp., Inc.*,
    135 Cal. App. 4th 663 (2006)................................................................ 2

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) .............................................................. 29

*Desai v. Deutsche Bank Sec. Ltd.*,
    573 F.3d 931 (9th Cir. 2009)............................................................... 18

*Diaz v. First Am. Home Buyers Prot. Corp.*,
    No. 09cv0775 H (WMC) (S.D. Cal. July 22, 2009) .............................. 8

*Earlie v. Jacobs*,
    745 F.2d 342 (5th Cir. 1984) .............................................................. 30

*Edleson v. Am. Home Shield*,
    No. 37-2007-00071725-CU-BT-CTL
    (Cal. Super. Ct. Cnty of San Diego)............................................... 4, 7, 8

*Edwards v. First Am. Corp.*,
    610 F.3d 514 (9th Cir. 2010) ..............................................................12

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) .............................................................. 20

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ............................................................ 26

iv

*Fairbanks v. Super. Ct.*,
    41 Cal. 4th 56 (2009) ................................................................. *passim*

*Finelite, Inc. v. Ledalite Architectural Prods.*,
    No. C-10-1276 MMC,
    2010 WL 3385027 (N.D. Cal. Aug. 26, 2010).....................................14

*Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*,
    3 F.3d 1246 (9th Cir. 1993) ...................................................13

*Freeman v. ABC Legal Servs., Inc.*,
    877 F. Supp. 2d 919 (N.D. Cal. 2012) ...................................16

*Fulfillment Servs. Inc. v. United Parcel Serv., Inc.*,
    528 F.3d 614 (9th Cir. 2008) ...................................................12

*Gest v. Bradbury*,
    443 F.3d 1177 (9th Cir. 2006) .............................................15

*Hangarter v. Provident Life & Accident Ins. Co.*,
    373 F.3d 998 (9th Cir. 2004).......................................... 15, 16

*Gillibeau v. City of Richmond*,
    417 F.2d 426 (9th Cir. 1969) .................................................31

*Hernandez v. Hilltop Fin. Mortg., Inc.*,
    622 F. Supp. 2d 842 (N.D. Cal. 2007) ............................... 2, 3

*High v. Choice Mfg. Co.*,
    No. C-11-5478 EMC,
    2012 WL 3025922 (N.D. Cal. July 24, 2012) ................... 8, 9

*Hodgers-Durgin v. de le Vina*,
    199 F.3d 1037 (9th Cir. 1999) .............................................15

*Horvath v. Keystone Health Plan E., Inc.*,
    333 F.3d 450 (3d Cir. 2003) .......................................... 12, 13

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) .............................................. 18

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ................................10, 16, 22, 24, 32

*Johnson v. California*,
    543 U.S. 499 (2005) ............................................................................16

*Johnson v. GMRI, Inc.*,
    No. CV F 07-0283 LJO DLB,
    2007 WL 2462101 (C.D. Cal. Aug. 27, 2007) ................................ 14, 16

*Johnson v. Mammoth Recreations, Inc.*,
    975 F. 2d 604 (9th Cir. 1992) ............................................................ 26

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) .................................................................... 24

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) ........................................................................12

*Linder v. Thrifty Oil Co.*,
    23 Cal. 4th 429 (2000) .......................................................................16

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ........................................................... 18

*Lorillard Tobacco Co. v. Reilly*,
    533 U.S. 525 (2001) ............................................................................31

*Maddock v. KB Homes, Inc.*,
    248 F.R.D. 229 (C.D. Cal. 2007) ........................................................16

*Midpeninsula Citizens for Fair Hous. v. Westwood Investors*,
    221 Cal. App. 3d 1377 (1990) .............................................................13

*Nat'l Steel & Shipbuilding Co. v. Am. Home Assurance Co.*,
    No. 09cv0279 JLS (RBB),
    2010 WL 2898265 (S.D. Cal. July 21, 2010) ..................................... 29

*Netbula, LLC v. Distinct Corp.*,
    212 F.R.D. 534 (N.D. Cal. 2003) ........................................................31

*Officers for Justice v. Civ. Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ............................................................. 18

*Oscar v. BMW of N. Am., LLC*,
    No. 09 Civ. 0011 (PAE),
    2011 WL 6399505 (S.D.N.Y. Dec. 20, 2011) ....................................... 28

*Perrian v. O'Grady*,
    958 F.2d 192 (7th Cir. 1992) ............................................................... 30

*Plascencia v. Lending 1st Mortg.*,
    No. C 07-4485 CW,
    2012 WL 253319 (N.D. Cal. Jan. 26, 2012) ....................................... 28

*Pom Wonderful LLC v. Coca-Cola Co.*,
    679 F.3d 1170 (9th Cir. 2012) ............................................................12

*Reisner v. Gen. Motors Corp.*,
    511 F. Supp. 1167 (S.D.N.Y. 1981) ..................................................... 29

*Sanders v. Choice Mfg. Co.*,
    No. C-11-3725 SC,
    2011 WL 6002639 (N.D. Cal. Nov. 30, 2011) ................................... 8, 9

*Sonoda v. Amerisave Mortg. Corp.*,
    No. C-11-1803 EMC,
    2011 WL 2690451 (N.D. Cal. July 8, 2011) ...................................... 8, 9

*Spiegler v. Home Depot USA, Inc.*,
    349 F. App'x 174 (9th Cir. 2009) ......................................................... 3

*Stearns v. Ticketmaster Corp.*,
    655 F.3d 1013 (9th Cir. 2011) ............................................................. 32

*Swain v. CACH, LLC*,
    699 F. Supp. 2d 1117 (N.D. Cal. 2009).................................................14

*Truta v. Avis Rent A Car Sys., Inc.*,
    193 Cal. App. 3d 802 (1987) ........................................................... 6, 7

*United States v. Johnson Controls, Inc.*,
    457 F.3d 1009 (9th Cir. 2006) .............................................................31

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) .................................................19, 20, 21, 23, 24

*Warth v. Seldin,*
    422 U.S. 490 (1975) ..............................................................................12

*Wehlage v. EmpRes Healthcare, Inc.,*
    791 F. Supp. 2d 774 (N.D. Cal. 2011) ...................................................... 4

*White v. Trans Union LLC,*
    462 F. Supp. 2d 1079 (C.D. Cal. 2006) ...................................................14

*Wofford v. Safeway Stores,*
    78 F.R.D. 460 (N.D.Cal.1978)..................................................................16

*Ziegler v. Conn. Gen. Life Ins. Co.,*
    916 F.2d 548 (9th Cir. 1990).....................................................................13

*Zinser v. Accufix Research Inst., Inc.,*
    253 F.3d 1180 (9th Cir. 2001) .......................................................... 17, 19

## Statutes

CAL. BUS. & PROF. CODE § 17204.................................................1, 13, 14, 15, 16
CAL. CIV. CODE § 1760 .............................................................................. 2, 5
CAL. CIV. CODE § 1761(b) ...................................................................... 2, 3, 4
CAL. CIV. CODE § 1936 ................................................................................. 6

## Rules

FED. R. CIV. P. 15.....................................................................................1, 26
FED. R. CIV. P. 16 ....................................................................................1, 26
FED. R. CIV. P. 23(b)(2) ...............................................................1, 17, 19, 25

## INTRODUCTION

Campion seeks review of four issues in this consumer class action stemming from Old Republic's unfair and deceptive business practices.[1]

First, Campion seeks reversal of the grant of summary judgment because the District Court failed to liberally interpret the CLRA, impermissibly created an "insurance exemption," and misapplied *Fairbanks v. Superior Court*, 41 Cal. 4th 56 (2009).

Second, Campion seeks reversal of the grant of summary judgment as to the claim for injunctive relief under the UCL because he has standing under California Business & Professions Code § 17204.

Third, Campion seeks reversal of the denial of class certification under Federal Rule of Civil Procedure 23(b)(2) because, contrary to the District Court's erroneous ruling, the monetary relief sought is "incidental" to Campion's claims for injunctive relief and because he clearly has standing to seek injunctive relief on behalf of the class.

Finally, Campion seeks reversal of the denial of leave to amend the complaint because he was diligent in seeking amendment and has satisfied the liberal requirements under Federal Rules of Civil Procedure 15 and 16.

Accordingly, the Court should reverse and remand.

---

[1] This brief adopts all the terms defined in Appellant's Opening Brief ("Blue Br."). "Red Br." refers to Appellee's Answering Brief.

## ARGUMENT

**I.   This Court Should Reverse the District Court for Failing to Liberally Interpret the CLRA, Impermissibly Creating an "Insurance Exemption," and Misapplying *Fairbanks***

### A.   The District Court Failed to Construe § 1761(b) Liberally to Protect Consumers

Old Republic cannot dispute that § 1760 mandates that the CLRA "be liberally construed and applied" to protect consumers like Campion.  CAL. CIV. CODE § 1760; *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680 (2006).  The CLRA broadly defines "services" as any "work, labor, and services for other than a commercial or business use."  CAL. CIV. CODE § 1761(b).  As explained in Appellant's Opening Brief (Blue Br. at 22-25), the services required under the home-warranty plans fit squarely within § 1761(b)'s definition because Old Republic promises to:

- "carefully screen[]" its "qualified independent service contractors";

- timely respond to customer "service calls"; and

- "repair or replace" covered systems (ER166).

This conclusion finds support in *Hernandez v. Hilltop Financial Mortgage, Inc.*, 622 F. Supp. 2d 842 (N.D. Cal. 2007).  There, the court held that the CLRA prohibits unfair or deceptive business practices relating to consumer mortgage transactions, which, standing alone, involved only payment and no "service."  *Id.* at 851.  In so holding, the court reasoned

2

that the CLRA was sufficiently broad to cover transactions creating a pure obligation to pay money, so long as the obligation involved "services" such as "developing, securing and maintaining plaintiffs' loan." *Id.* Those services in *Hernandez* are indistinguishable from the services promised by Old Republic, such as screening contractors, processing calls, and dispatching contractors to make repairs. *See* ER166.

Unable to refute *Hernandez*'s sound reasoning, Old Republic asserts, without citing any authority, that the plaintiffs in *Hernandez* prepaid fees for the services. Red Br. at 23. But the timing of payment has *nothing* to do with § 1761(b)'s broad definition of "service." In fact, other district courts have assumed that home repair services fall within § 1761(b)'s purview. *See Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036, 1050 (C.D. Cal. 2008), *aff'd*, 349 F. App'x 174 (9th Cir. 2009).

In an attempt to distinguish *Spiegler*, Old Republic latches onto the irrelevant fact that its customers have to call for service to "make a claim," and that it may invoke "various reasons" to deny claims. Red Br. at 24. This is a red herring. Whether or not plan holders are entitled to repair or replacement services, Old Republic is supposed to have already provided the services of "carefully screen[ing]" contractors, answering service calls, and dispatching contractors. *See* ER166. In fact, it is virtually impossible

3

for Old Republic to "deny claims" without dispatching a contractor to view the plan owner's residence.  This is exactly what happened to Campion: Old Republic dispatched a contractor to inspect his home.  ER204-09. Accordingly, Old Republic cannot escape the conclusion that, under the cases cited by Campion,[2] its services fall squarely within § 1761(b).[3]

Nor does Old Republic offer any basis to challenge the state court's reasoning upholding a CLRA claim in another class action against a home-warranty company, *Edleson v. American Home Shield*, No. 37-2007-00071725-CU-BT-CTL (Cal. Super. Ct. Cnty. of San Diego).  *See* Red Br. at 18 n.6.  Rejecting an argument identical to what Old Republic advances here, the court reasoned that the CLRA applies to home-warranty plans because their "main object" is to "provide quality repairs."  *See* ER231-32.

In light of the CLRA's text, Old Republic cannot avoid liability.

---

[2] Asserting merely that it does not provide "'health services' at nursing facilities" (Red Br. at 23 & n.10), Old Republic provides *no* basis to distinguish *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774 (N.D. Cal. 2011).  Old Republic's assertion misses the mark because the CLRA does not differentiate from one kind of service to another, but instead applies to *all* "'work, labor, and services.'"  *Id.* at 789 (quoting § 1761(b)).

[3] Equally irrelevant is whether Old Republic directly provides the services or hires contractors to do that.  *See* Red Br. at 19.  Neither the CLRA nor the case law interpreting it allows such a distinction.

4

### B.  *Fairbanks* Bars Only CLRA Claims Involving Pure Insurance and Grants No Insurance Exemption

As discussed in Appellant's Opening Brief (Blue Br. at 26-31), *Fairbanks* addressed a CLRA claim based on alleged misconduct relating to the sale of life insurance policies, under which "the insurer promises to pay a sum of money to the designated beneficiary upon the death of the named insured." *Fairbanks*, 46 Cal. 4th at 61.  Because a "contractual obligation to pay money . . . is not work or labor," the court refused to apply the CLRA. *Id. Fairbanks*, however, does not preclude the CLRA from being applied to the sale or lease of insurance products — only to the sale or lease of products that involve nothing but payment obligations. *Id.*

Citing no case law for support, Old Republic asserts that *Fairbanks* stands for a broad "insurance exemption" from the CLRA.  Red Br. at 16-19. This assertion conflicts with § 1760's mandate of liberal construction and application. *See* CAL. CIV. CODE § 1760.  Moreover, nowhere in *Fairbanks* did the court expressly provide the exemption asserted by Old Republic. *See Associated Beverage Co. v. Bd. of Equalization*, 224 Cal. App. 3d 192, 214 (1990) (exemptions cannot be implied and must be explicit).  This Court should therefore reject Old Republic's assertion.

5

## C.    In Any Event, Old Republic's Plans Are Not Insurance and Cannot Be Exempted

Old Republic urges the Court to accept the California Attorney General's characterization of home-warranty companies as "insurers." Red Br. at 21. But regulatory interpretation of laws other than the CLRA bears *no* weight in this Court's interpretation of the CLRA. *See Brown v. Fair Political Practices Comm'n*, 84 Cal. App. 4th 137, 150 (2000) (rejecting a regulatory interpretation despite the regulator's expertise).

Nor do Campion's allegations of Insurance Code violations transform Old Republic into an insurer because a decision on whether a product is insurance depends on its "principal object and purpose." *Truta v. Avis Rent A Car Sys., Inc.*, 193 Cal. App. 3d 802, 814 (1987), *superseded on other grounds by* CAL. CIV. CODE § 1936. In *Truta*, the California Court of Appeal found that a collision damage waiver in a rental car contract was not insurance because, despite its insurance-like features, "the element which gives the transaction its distinctive character" was "the rental of an automobile." *Id.* Here, the principal objective of purchasing the home-warranty plans was to receive the purportedly convenient, low-cost repair and replacement services by pre-screened, qualified contractors. *See*

6

ER166.[4]  Thus, under *Truta*, Old Republic's plans are *not* insurance.  *See also Cal. Physicians' Serv. v. Garrison*, 28 Cal. 2d 790, 809 (1946) ("'service' rather than 'indemnity'" is the principal purpose).

Instead of addressing the "principal object and purpose" of its home-warranty plans, Old Republic relies on its reservation of the right to provide cash in lieu of repair or replacement.  Red Br. at 19.  But this purported "right" to pay is a mere reservation of a backup position to be invoked after an assessment that repair or replacement is inappropriate under the circumstances.  *See* ER11.  Such an assessment cannot be made until Old Republic's contractor responds to an initial service call.  *Id.*  In any event, to the extent that this reservation of right allows a transfer of risks, such a feature, standing alone, does not allow a finding that Old Republic's home-warranty plans are insurance policies, because the fact that a contract for services involves a risk transfer does not necessarily make it a contract for insurance.  *Truta*, 193 Cal. App. 3d at 811-12.  Indeed, as the court in *Edleson* held, the "main object" of home-warranty plans is to "provide

---

[4] Contrary to Old Republic's assertion (Red Br. at 22), the fact that some plan owners do not make a claim does not alter this finding because they were promised the same services available under the plans.

quality repairs for appliances." ER231-32. Accordingly, Old Republic's reliance on the reservation of the right to pay is misplaced.[5]

Nor can Old Republic rely on the three district court decisions it cites – *High*, *Sanders*, and *Sonoda*.[6] Those decisions merely followed *Fairbanks* because the products at issue involved only an obligation to pay. *See High*, 2012 WL 3025922, at *1 (agreements under which "a consumer pays a certain amount of money in exchange for a promise that the cost of repairing his or her vehicle . . . will be borne by another person or entity"); *Sanders*, 2011 WL 6002639, at *2 (same); *Sonoda*, 2011 WL 2690451, at *1 (an obligation to lend money). The obligation to pay, rather than "risk transference," was a dispositive factor in *High*, *Sanders*, and *Sonoda*. Moreover, these decisions do not support a blanket "insurance exemption" from the CLRA because none of them involved an insurance product. *See High*, 2012 WL 3025922, at *1 (involving a vehicle service contract); *Sanders*, 2011 WL 6002639, at *2 (same); *Sonoda*, 2011 WL 2690451, at *1

---

[5] The contrary conclusion reached in *Diaz v. First American Home Buyers Protection Corp.*, No. 09cv0775 H (WMC) (S.D. Cal. July 22, 2009), is wrong. Moreover, *Diaz* is on appeal and thus lacks persuasive force.

[6] *High v. Choice Mfg. Co.*, No. C-11-5478 EMC, 2012 WL 3025922 (N.D. Cal. July 24, 2012); *Sanders v. Choice Mfg. Co.*, No. C-11-3725 SC, 2011 WL 6002639 (N.D. Cal. Nov. 30, 2011); *Sonoda v. Amerisave Mortg. Corp.*, No. C–11–1803 EMC, 2011 WL 2690451 (N.D. Cal. July 8, 2011).

(mortgage loan). Accordingly, Old Republic's reliance on *High*, *Sanders*, and *Sonoda* is misplaced.

Aside from citing inapposite cases, Old Republic fails to face three key facts. First, Old Republic is *not* licensed to sell insurance in California. ER212. Second, Old Republic admits that its plans are not insurance, but a "one-year service contract." ER214. Third, Old Republic has repeatedly told regulators that home-warranty plans are *not* insurance. ER236. Viewed as a whole, these facts preclude a finding that Old Republic's home-warranty plans are not insurance. Thus, even if *Fairbanks* carves out an "insurance exemption" (it does not), such an exemption is inapplicable to Old Republic.

In all, *Fairbanks* precludes the application of the CLRA only where the product at issue involves only an obligation to pay. The CLRA applies here because the services promised by Old Republic are "work, labor, and services" and pertain to tangible "goods" (since the covered systems are dishwashers, oven, and the like) within the meaning of the CLRA. By finding the contrary, the District Court erred. Thus, this Court should reverse.

## II.   This Court Should Reverse Because Campion Has Standing to Seek Injunctive Relief Under the UCL

Old Republic does not dispute that Campion possesses Article III standing to assert a claim for restitution under the UCL.  Campion was injured as a result of Old Republic's denial of his claims for home-repair services (ER639, 643), and his injury "will be redressed by a favorable decision."  *ACLU of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006); *see also* Blue Br. 32-35.

Old Republic asserts, however, that Campion lacks standing to seek injunctive relief on the basis that he no longer faces a threat of Old Republic's UCL violation.  Red Br. at 26-27.  As discussed below, this assertion lacks legal support for two reasons.

### A.   Injunctive Relief Is the *Primary* Form of Relief Under the UCL and Is Available to Campion Regardless of Whether He Has a Current Contract with Old Republic

Under settled law, "the primary form of relief available under the UCL to protect consumers from unfair business practices is an injunction." *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009).  In fact, the other available relief – restitution – is merely "ancillary."  *Id.*

The importance of injunctive relief is manifested in *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758 (2010).  There, pharmacies brought UCL claims against drug manufacturers, alleging injuries resulting from unfair business

10

practices. *Id.* at 787-88. The trial court granted summary judgment to the manufacturers, finding that "[the pharmacies] lacked standing and, additionally, were ineligible for any relief." *Id.* Seeking affirmance of the trial court's judgment, the manufacturers argued that "ultimately [the pharmacies] suffered no compensable loss because they were able to mitigate fully any injury by passing on the overcharges." *Id.* at 789. Rejecting this argument, the California Supreme Court reasoned that the manufacturers "conflate[d] the issue of standing with the issue of the remedies to which a party may be entitled" because the fact "[t]hat a party may ultimately be unable to prove a right to damages (or, here, restitution) does not demonstrate that it lacks standing to argue for its entitlement to them." *Id.* In the same vein, the Supreme Court held that, because the pharmacies had standing under the UCL, they were entitled to injunctive relief regardless of whether they could recover restitution:

> Nothing in the statute's language conditions a court's authority to order injunctive relief on the need in a given case to also order restitution. Accordingly, the right to seek injunctive relief under section 17203 is not dependent on the right to seek restitution . . . .

*Id.* at 790. In all, once standing under the UCL is established, plaintiff is entitled to seek injunctive relief.

Federal courts are no strangers to *Clayworth*'s rationale. *See Pom Wonderful LLC v. Coca-Cola Co.*, 679 F.3d 1170, 1178-79 (9th Cir. 2012) (citing *Clayworth* and *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310 (2011)). Moreover, "[t]he injury required by Article III can exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Fulfillment Servs. Inc. v. United Parcel Serv., Inc.*, 528 F.3d 614, 618-19 (9th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). "Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Id.*

Following this rationale, this Court has held that standing is satisfied so long as a plaintiff shows an invasion of his or her statutory right. *See, e.g.*, *Edwards v. First Am. Corp.*, 610 F.3d 514, 518 (9th Cir. 2010) (finding standing under the Real Estate Settlement Procedures Act of 1974). Moreover, to seek injunctive relief based on violations of a statutory right, a plaintiff need not show redressable injury. *Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 456 (3d Cir. 2003) (plaintiff "need not demonstrate actual harm in order to have standing to seek injunctive relief requiring that [defendant] satisfy its statutorily-created disclosure or

12

fiduciary responsibilities"); *Ziegler v. Conn. Gen. Life Ins. Co.*, 916 F.2d 548, 551 (9th Cir. 1990) (same).  Thus, to seek injunctive relief for the enforcement of a statutory right, a plaintiff need not show a separate ground for standing after satisfying Article III.[7]  *See also Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*, 3 F.3d 1246, 1248 (9th Cir. 1993) (former employees may pursue class-wide injunctive relief).

The same reasoning applies here.  Because Campion has established that he has standing under the UCL, which grants individuals the right to seek injunctive relief so long as they have suffered an injury, CAL. BUS. & PROF. CODE § 17204, he has demonstrated that Old Republic violated his statutory right to a transaction that is free of unfair competition.  As such, he is entitled to seek injunctive relief – the UCL's primary remedy.  Section 17204 does not require that Campion be currently threatened with injury.  Accordingly, the mere absence of a current contract cannot serve as a basis to bar Campion, whose standing under § 17204 is beyond dispute, from seeking injunctive relief against Old Republic.  *See id.*[8]  In similar cases

---

[7] Failing to address this point, Old Republic says that *Horvath* and *Ziegler* dealt with another statute.  Red Br. at 31.

[8] *See also Midpeninsula Citizens for Fair Hous. v. Westwood Investors*, 221 Cal. App. 3d 1377, 1393 (1990) (a "representative organization" lacking standing under the Unruh Act "is nonetheless entitled, pursuant to [§ 17204], to seek injunctive relief").

where § 17204 is satisfied, district courts have allowed UCL claims for injunctive relief to proceed.[9]

On this point, *Allergan, Inc. v. Athena Cosmetics, Inc.* is instructive. 640 F.3d 1377 (Fed. Cir. 2011). There, the Federal Circuit found that the plaintiff had standing under the UCL. *Id.* at 1383. The defendant argued that the plaintiff failed "to satisfy the so-called 'business dealings requirement' of [§] 17204." *Id.* Rejecting this argument, the Federal Circuit refused to graft a "business dealings requirement" into § 17204's text. *Id.* In so holding, the court reasoned that the "only standing requirements under [§] 17204 are those in the language of the statute." *Id.*

Similarly, in *Johnson v. GMRI, Inc.*, the district court upheld a UCL claim for injunctive relief brought by former employees who lacked ongoing relationships with defendants, rejecting an argument identical to what Old Republic advances here. No. CV F 07-0283 LJO DLB, 2007 WL 2462101, at **3-4 (E.D. Cal. Aug. 27, 2007). The reasoning in *Allergan* and *Johnson* applies here and requires that the Court reject Old Republic's attempt to impose an "ongoing business dealings requirement" on Campion.

---

[9] *See*, *e.g.*, *Finelite, Inc. v. Ledalite Architectural Prods.*, No. C-10-1276 MMC, 2010 WL 3385027, at *2 (N.D. Cal. Aug. 26, 2010); *Swain v. CACH, LLC*, 699 F. Supp. 2d 1117, 1122 (N.D. Cal. 2009); *White v. Trans Union, LLC*, 462 F. Supp. 2d 1079, 1084 (C.D. Cal. 2006).

### B.    Old Republic Lacks Legal Support for Avoiding Injunctive Relief Based on Standing Grounds

The case cited by Old Republic are inapposite.  *Gest*, *Hodgers-Durgin*, *Bates*, and *Clark* have nothing to do with the UCL.  In *Gest*, the plaintiffs did not allege any actual or pecuniary injury beyond their "frustration with" the government's "application of unwritten rules [that] sapped their enthusiasm for engaging in the political process."  *Gest v. Bradbury*, 443 F.3d 1177, 1182 (9th Cir. 2006).  In *Hodgers-Durgin*, this Court assumed Article III standing and decided the appeal based on the principles of federalism and separation of powers.  *Hodgers-Durgin v. de le Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).  In *Bates*, the plaintiffs lacked standing because they failed to allege any injury in fact.  *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("only liability and equitable relief were at issue in the district court, not damages").  In *Clark*, the panel actually found that the plaintiff had standing to seek injunctive relief.  *Clark v. City of Lakewood*, 259 F.3d 996, 1008 (9th Cir. 2001).

The three cases that do involve the UCL are distinguishable.  *Cattie v. Wal-Mart Stores, Inc.* turns on the plaintiff's failure to allege reliance to establish standing under § 17204.  504 F. Supp. 2d 939, 947 (S.D. Cal. 2007).  *Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998 (9th Cir. 2004), does not involve a class action and thus does not

15

implicate the interest of the absent class members or the public in seeking relief under the UCL.[10]  But California courts "have acknowledged the importance of class actions as a means to prevent a failure of justice in our judicial system."  *Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 434 (2000).  Specifically, "consumer class actions and representative UCL actions serve important roles in the enforcement of consumers' rights."  *Tobacco II*, 46 Cal. 4th at 312-13.  Thus, depriving class representatives like Campion of their right to seek injunctive relief frustrates the UCL's very purpose.

It is true that named plaintiffs in class actions are required to show standing.  But the standing analysis must be flexible and must reflect the practical reality.  *Armstrong v. Davis*, 275 F.3d 849, 867, 871 n.28 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005).  Where, as here, Campion indisputably has standing under the UCL and seeks injunctive relief on behalf of the class and the public as the private attorney general, the addition of an "ongoing business dealings" requirement conflicts with § 17204's text and case law.  *See*, *e.g.*, *Allergan*, 640 F.3d at 1383; *Johnson*, 2007 WL 2462101, at \*\*3-4.[11]

---

[10] *Freeman v. ABC Legal Services, Inc.*, 877 F. Supp. 2d 919 (N. D. Cal. 2012), follows *Hangarter* and is thus inapposite for the same reasons.

[11] *Wofford v. Safeway Stores*, 78 F.R.D. 460, 490 (N.D. Cal. 1978) (former employees have standing to seek injunctive relief); *Maddock v. KB Homes, Inc.*, 248 F.R.D. 229, 238 (C.D. Cal. 2007) (same).

**III. This Court Should Reverse the Denial of Class Certification Because Monetary Relief Is Incidental to Injunctive Relief, and Campion Has Standing to Seek Injunctive Relief**

This Court should reverse the District Court's refusal to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(2) for two reasons. First, the District Court abused its discretion in concluding that Campion's claims for monetary relief were not "incidental" to his claims seeking injunctive relief. Second, the District Court also abused its discretion in concluding that Campion lacked standing to seek injunctive relief on behalf of the class.

As an initial matter, however, the Court should reject Old Republic's attempt to improperly heighten the applicable standard of review.

**A. Old Republic Is Wrong to Propose a Restrictive Standard of Review**

Denial of class certification is reviewed for abuse of discretion. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001). In its Answering Brief, however, Old Republic improperly argues for a stricter standard of review. Specifically, Old Republic urges the Court to conduct a "very limited review" of a denial of class certification and to reverse "only upon a strong showing" of "a clear abuse of discretion." Red Br. at 16-17. Old Republic is wrong on two fronts.

First, this restrictive standard is the one that this Court has generally prescribed for reviewing a district court's decision certifying a class for

17

*settlement* purposes. *See*, *e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998); *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting "the strong judicial policy that favors settlements"); *Officers for Justice v. Civ. Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (same).

Second, apart from the settlement context, the standard urged by Old Republic is applied only where the district court *grants*, as opposed to denies, a motion for class certification. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 461 (9th Cir. 2000); *see also Blyden v. Mancusi*, 186 F.3d 252, 269 (2d Cir. 1999) ("A district court's decision to certify a class is reviewed for abuse of discretion, and 'a reviewing court must exercise even greater deference when the district court has certified a class than when it has declined to do so.'" (citation omitted)).

Because neither of the foregoing policy concerns is applicable here, the Court should refuse to apply the "very limited" standard of review.[12]

---

[12] Old Republic mistakenly cites *Desai v. Deutsche Bank Securities Limited*, 573 F.3d 931 (9th Cir. 2009) (*per curiam*). In articulating the standard that Old Republic relies upon, the Court in *Desai* cited the aforementioned decision in *Mego*, which in turn cited the decision in *Linney*. *See id.* at 937. Both *Mego* and *Linney*, however, dealt with certification for settlement purposes.

## B.    The District Court Abused Its Discretion

Class certification under Rule 23(b)(2) is appropriate "where the primary relief sought is declaratory or injunctive." *Zinser*, 253 F.3d at 1195. A class seeking monetary damages may still be certified under Rule 23(b)(2), as long as the monetary relief "is 'merely incidental to [the] primary claim for injunctive relief.'" *Id.* (citation omitted).  Because *Wal-Mart Stores, Inc. v. Dukes* did not change this governing framework, *see* 131 S. Ct. 2541, 2557 (2011), and because Campion clearly has standing to seek injunctive relief on behalf of the class, this Court should reverse the District Court's denial of class certification.

### (1)    Monetary Relief Is Incidental

As detailed in Appellant's Opening Brief (Blue Br. at 38-40), the Complaint primarily seeks injunctive relief to enjoin Old Republic's continuing unfair, unlawful, and fraudulent practices.  *See, e.g.*, ER642-43, 647.  Indeed, the "primary form" of relief available under the UCL *is* an injunction.  *Clayworth*, 49 Cal. 4th at 790; *see also Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

Old Republic's arguments to the contrary are misplaced for three reasons.

### (a)   Campion's Subjective Intent Is Irrelevant

First, Old Republic half-heartedly argues that Campion's purported "intent" in bringing this class action somehow supports the District Court's decision denying class certification (Red Br. at 33 & n.13).  As this Court recently clarified, however, neither "the amount of the damages sought" nor "the subjective intent of the class members seeking relief" is the "relevant inquiry" in determining if monetary relief is incidental to the injunctive relief.  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986-87 (9th Cir. 2011) (citing *Dukes*, 131 S. Ct. at 2557-58).

The District Court initially recognized as much, when it noted that "[t]he Ninth Circuit recently rejected the test advocated by Defendant, finding the so-called *Molski* approach, which focuses on the named plaintiff's subjective intent, is unlikely to yield a precise answer."  ER74.  However, the District Court proceeded to make the same error as Old republic does here, when it focused on (1) a single sentence in Campion's reply brief in support of class certification and (2) one of the several requests of relief in the Complaint's Prayer for Relief.  *See* ER74-75.

20

### (b)   A Single Injunction Would Provide Relief to Each Member of the Proposed Class

Second, instead of trying to gauge Campion's apparent "intent" in bringing this class action, the District Court should have certified a class under Rule 23(b)(2) because "a single injunction . . . would provide relief to each member of the class." *See Dukes*, 131 S. Ct. at 2557.  Contrary to Old Republic's mischaracterizations (*see* Red Br. at 34-35), the Complaint seeks simple and straight-forward injunctive relief on behalf of the class:

> An injunction enjoining, preliminarily and permanently, Defendants from continuing the unlawful conduct alleged [in the Complaint], and requiring Defendants to properly adjust all claims submitted by the Class.

ER647 (Prayer for Relief, Paragraph III).  This injunctive relief supports certification under Rule 23(b)(2) because it seeks "an indivisible injunction benefitting all its members at once." *Dukes*, 131 S. Ct. at 2558.

Old Republic's arguments to the contrary are flawed for two reasons. First, the fact that a number of individuals allegedly had their plans "purchased for them" does *not* mean that those individuals "would not have been exposed to any of Old Republic's advertising." Red Br. at 35.  To the contrary, as noted in Appellant's Opening Brief, Old Republic's Web site and written advertisements are replete with false and misleading statements. *See* Blue Br. at 9 (citing ER567-72).  Thus, regardless of who

paid the initial premium for the home-warranty plan, it is nonetheless likely that the homeowner would still have been "exposed" to Old Republic's false and misleading advertising.  Moreover, it is settled under California law that recovery under the UCL does *not* require a showing of reliance by the absent class members.  *See Tobacco II*, 46 Cal. 4th at 312.

Second, the fact that some individuals allegedly had their claims "covered in full or in part" (Red Br. at 35) does *not* mean that those individuals would not benefit from a uniform injunction.  Those individuals would still benefit from the return of the premiums and service call fees paid during the class period.  *See* ER647 (Prayer for Relief, Paragraphs IV and V).  Moreover, the law is clear that recovery under the UCL does *not* require a showing of injury by the absent class members.  *See Tobacco II*, 46 Cal. 4th at 312 (the "focus is on the defendant's conduct, rather than the plaintiff's damages").  In sum, neither of the alleged impediments identified by Old Republic is relevant to the injunctive-relief inquiry under the UCL.

### (c)  *Dukes* Supports Campion's Position

Finally, *Dukes* does not warrant a different outcome.  *Dukes* acknowledged that the governing inquiry under Rule 23(b)(2) is whether "the monetary relief is . . . incidental to the injunctive or declaratory relief." 131 S. Ct. at 2557.  Indeed, the Supreme Court expressly declined to adopt a position (advocated by Old Republic here) that Rule 23(b)(2) "applies *only* to requests for . . . injunctive or declaratory relief and does not authorize the class certification of monetary claims at all."  *Id.*

Although *Dukes* did not articulate what it means for monetary relief to be "incidental" to the injunctive relief, the Supreme Court did highlight (without adopting) the definition of "incidental" set forth in *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998).  *Dukes*, 131 S. Ct. at 2560.

In *Allison*, the Fifth Circuit defined "incidental" damages for purposes of Rule 23(b)(2) as "damages that flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief."  151 F.3d at 415.  Notably, "the recovery of incidental damages should typically be concomitant with, not merely consequential to, class-wide injunctive or declaratory relief," and "should at least be capable of computation by means of objective standards."  *Id.*  More importantly,

incidental damages should not "introduce new and substantial legal or factual issues" or "entail complex individualized determinations." *Id.*

Applying *Allison*, the monetary relief sought in this case is clearly "incidental." The primary monetary relief sought is the restitution of premiums and service call fees paid by the class members. *See* ER647 (Prayer for Relief, Paragraphs IV and V). Under the UCL, such restitution goes hand-in-hand with injunctive relief. *See*, *e.g.*, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003).[13]

Moreover, in this case, restitution as to each class member could easily be determined from Old Republic's records as to how much each class member paid in premiums and service call fees during the class period. For that reason, the calculation of restitution would not introduce "new and substantial legal or factual issues." *See Allison*, 151 F.3d at 415.

Thus, *Dukes* and the relevant case law demonstrate that the monetary relief sought in this case is "incidental" to the UCL's injunctive relief.

---

[13] *ABC International Traders, Inc. v. Matsushita Electric Corp.*, 14 Cal. 4th 1247 (1997), is not to the contrary. That case merely held that the availability of restitution under the UCL is not contingent on the issuance of an injunction. *Id.* at 1268-69. The case did nothing to change the established California law that "the primary form of relief available under the UCL to protect consumers from unfair business practices is an injunction, along with ancillary relief in the form of such restitution 'as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.'" *Tobacco II*, 46 Cal. 4th at 319.

## (2)   Campion Has Standing to Seek Injunctive Relief

Finally, there is no question that Campion has standing to seek the injunctive relief on behalf of the class.  In attempting to defend the District Court's erroneous denial of class certification, Old Republic does not even challenge this argument (*see generally* Red Br. at 31-36).  Nor can it.

As explained in Appellant's Opening Brief (Blue Br. at 40-41), the Advisory Committee's Note to the 1966 Amendments to Rule 23(b)(2) makes it clear that it is not necessary that Campion or any other specific individual be *prospectively* threatened with harm by Old Republic's conduct in order to have an injunctive class certified under Rule 23(b)(2). FED. R. CIV. P. 23(b)(2) advisory committee's note.  Rather, all that is required is that (1) the action "has [already] taken effect" and (2) "it is based on grounds which have general application to the class."  *See id.*

Both requirements are satisfied here.  First, the action has already taken effect as to Campion.  *See* ER639.  Second, the continuing threat of Old Republic's unlawful, unfair, and fraudulent conduct "is based on grounds which have general application to the class" because of Old Republic's uniform false and misleading advertisements.  *See* ER567-72.

Accordingly, this Court should reverse the District Court's failure to certify an injunctive class pursuant to Rule 23(b)(2).

## IV.  This Court Should Reverse the Denial of Leave to Amend Because Campion Has Satisfied the Liberal Requirements Under Both Rules 15 and 16

Old Republic cannot dispute that, under Rule 15(a), the standard for granting leave to amend is liberal.  *See* FED. R. CIV. P. 15(a) (requiring that courts "freely give leave [to amend pleadings] when justice so requires"); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (applying Rule 15's policy "with extreme liberality").  Nor can Old Republic dispute that Campion need only show "good cause" to seek amendment of pleadings after the scheduling order deadline has passed.  *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992). Nonetheless, Old Republic seeks affirmance of the District Court's erroneous denial of leave to amend based on three arguments, each of which, as discussed below, should be rejected.

### A.  Campion Has Good Cause Because He Diligently Pursued the Proposed Amendments

Old Republic has no answer to the well-settled rule that leave to amend may be granted even in advanced stages of litigation.  *See*, *e.g.*, *City of Grass Valley v. Newmont Mining Corp.*, No. 04-cv-0149-GEB-DAD, 2007 WL 1395312, at *4 (E.D. Cal. May 10, 2007) (finding good cause even though discovery was closed and a dispositive motion had been filed). Here, Campion sought leave to amend when discovery was ongoing, and no

trial date was set.  The only procedural hurdle Campion faced was that, when he moved to amend on January 27, 2012, the deadline for amendment of pleadings set in the initial case management order dated September 18, 2009 had passed.  *See* ER83.  In a second attempt to exploit this deadline, Old Republic now urges the Court to find that Campion failed to pursue the proposed amendment diligently.  But Old Republic is wrong.

At the outset, it was impossible for Campion to comply with the November 9, 2009 deadline, which was set nearly a year before Campion sought class certification.  *See* ER299-300.  The need to amend the pleadings did not arise until after the District Court denied class certification in 2011.  *See* ER44-76.  And the District Court expressly stated in its reconsideration order on May 20, 2011 that Campion was not precluded "from seeking to modify the class definition and attempting to certify an alternate proposed class."  ER42-43.

Between May 20, 2011 (when the District Court denied reconsideration of the order refusing to certify class) and January 27, 2012 (when Campion sought amendment), Campion and his counsel were occupied with settlement negotiations and motion practice.  *See* ER26.  Because, as the District Court recognized, the settlement negotiations were substantial and advanced (*id.*), any attempt by Campion to amend during

27

that period would have immediately derailed a potential settlement. Thus, any claim that Campion lacked diligence is belied by the record.

The two district-court decisions cited by Old Republic are inapposite. In *Oscar v. BMW of North America, LLC*, No. 09 Civ. 0011 (PAE), 2011 WL 6399505, at *1 (S.D.N.Y. Dec. 20, 2011), the court denied leave to amend because the plaintiff knew about the defects with class certification for over two years before attempting to amend. Likewise, in *Plascencia v. Lending 1st Mortgage*, No. C 07-4485 CW, 2012 WL 253319, at **5-6 (N.D. Cal. Jan. 26, 2012), the court denied leave because the plaintiff sought amendment over a year and a half after the class certification order was issued. In contrast, Campion filed his motion for leave to amend *six months* after the District Court issued its reconsideration order, and after substantial settlement negotiations ended.

Equally inapposite is *Acri v. International Association of Machinists & Aerospace Workers*, 781 F.2d 1393 (9th Cir. 1986). There, the court found that the motion to amend was brought to avoid the possibility of an adverse summary judgment ruling where the plaintiff's attorney admitted that the amendment was a tactical choice. In contrast, Campion sought

amendment to protect the interests of the class and did so based on the District Court's denial of class certification.[14]

Accordingly, Old Republic's arguments lack legal and factual support and should therefore be rejected.

## B.    Old Republic Would Suffer No Prejudice

Old Republic cannot carry its burden to demonstrate prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Old Republic's claim about duplicative motion practice regarding class certification is merely a red herring because the District Court specifically noted that the denial of class certification was without prejudice. *See* ER42-43. Moreover, pre-trial motions "are commonplace and, without more, do not constitute undue prejudice." *Nat'l Steel & Shipbuilding Co. v. Am. Home Assurance Co.*, No. 09cv0279 JLS (RBB), 2010 WL 2898265, at *3 (S.D. Cal. July 21, 2010).

Nor do the three cases cited by Old Republic support its claim of prejudice. In *Reisner v. General Motors Corp.*, 511 F. Supp. 1167 (S.D.N.Y. 1981), the court denied leave to amend because discovery had been completed and the case had been pending for nearly five years. Here,

---

[14] Nor does *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995), lend Old Republic any support because it addressed the timeliness of a *habeas corpus* petition.

discovery has not been completed and this case has been on the docket for only a few years.  In *Earlie v. Jacobs*, 745 F.2d 342 (5th Cir. 1984), the plaintiff sought amendment to remove the equitable claims in order to get a jury trial after the district court previously denied a jury trial.  Campion seeks no such amendment.  In *Perrian v. O'Grady*, 958 F.2d 192 (7th Cir. 1992), an inmate alleging that the sheriff and the county violated his Constitutional rights was denied leave when he tried to amend trial.  Here, there is no trial date.

Contrary to Old Republic's argument on efficiency, it would have been more efficient for the District Court to grant Campion leave to amend the complaint and allow resolution of this class action on the merits.  *See* Blue Br. at 46-49.[15]  Accordingly, this Court should reverse.

---

[15] Old Republic's claim that Campion could not have filed a new action is a mere red herring because, when he sought leave to amend, his individual claims remained pending.  In fact, the denial of leave to amend was one of the reasons for the voluntary dismissal of those claims.

## C.    The Proposed Amendments Are Not Futile

The District Court denied leave to amend without reaching Old Republic's alternative argument that the proposed amendments were futile. *See* ER23-28. This Court should do the same and should disregard Old Republic's alternative ground on the basis of the general rule that appellate courts ordinarily decline to reach alternative grounds not decided below. *See*, *e.g.*, *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 553 (2001); *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1022 (9th Cir. 2006).

In any event, the Court should reject the alternative ground for three reasons. First, courts rarely deny leave to amend on the ground that the proposed amendment is futile. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("defer[ring] consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted"). Indeed, because class issues are not to be tested at the pleading stage, Campion is entitled to leave to amend with regard to class issues. *See Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969).

Second, as discussed in Section II above, Campion's UCL and CLRA claims can survive Old Republic's motion for summary judgment. *See also* Blue Br. at 19-35. In fact, just two years ago, this Court affirmed that where, as here, a § 17200 plaintiff suffers injury, he has met Article III's

standing requirement.  *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th Cir. 2011).

Third, Old Republic's argument based on reliance (Red Br. at 50-51) lacks merit.  Under *Tobacco II*, 46 Cal. 4th at 328, class representatives meet the reliance requirement so long as they can generally allege that they relied on the underlying misrepresentations.  Following *Tobacco II*, this Court has reversed a district court's determination that a class claim for relief requires "individualized proof of reliance and causation."  *Stearns*, 655 F.3d at 1020.  Because Campion's proposed amendments (*e.g.*, ER156 (¶ 158)) satisfy *Tobacco II* and *Stearns*, the Court should reject Old Republic's futility argument based on reliance.

In all, the Court should reverse the District Court's denial of leave to amend because Campion's proposed amendments are not futile.

# CONCLUSION

For the reasons set forth above and in Appellant's Opening Brief, the Court should reverse and remand.

Dated:  May 29, 2013                    Respectfully submitted,

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Albert Y. Chang
Yury A. Kolesnikov

s/ Francis A. Bottini, Jr.
Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California  92037
Telephone:    (858) 914-2001
Facsimile:     (858) 914-2002

*Attorneys for Plaintiff-Appellant*
*Douglas J. Campion*

**CERTIFICATE OF COMPLIANCE**

On behalf of Plaintiff-Appellant Douglas J. Campion, I certify that (1) this brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, and contains approximately 6,983 words; and (2) in compliance with Rule 32(a)(5)'s typeface requirements and Rule 32(a)(6)'s type style requirements, this brief has been prepared in a proportionally-spaced typeface using Microsoft Word 2010 in 14-point font and Georgia typeface.

Dated:  May 29, 2013

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Albert Y. Chang
Yury A. Kolesnikov

s/ Francis A. Bottini, Jr.
Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California  92037
Telephone:    (858) 914-2001
Facsimile:      (858) 914-2002

*Attorneys for Plaintiff-Appellant*
*Douglas J. Campion*

## STATEMENT OF RELATED CASES

In compliance with Ninth Circuit Rule 28-2.6, Plaintiff-Appellant

Douglas J. Campion states that no other cases in this Court are deemed

related within the meaning of the rule.

Dated:  May 29, 2013                    BOTTINI & BOTTINI, INC.
                                        Francis A. Bottini, Jr.
                                        Albert Y. Chang
                                        Yury A. Kolesnikov

                                        s/ Francis A. Bottini, Jr.
                                        Francis A. Bottini, Jr.

                                        7817 Ivanhoe Avenue, Suite 102
                                        La Jolla, California  92037
                                        Telephone:   (858) 914-2001
                                        Facsimile:    (858) 914-2002

                                        *Attorneys for Plaintiff-Appellant*
                                        *Douglas J. Campion*

A-1